Filing # 133862483 E-Filed 09/01/2021 02:47:06 PM

## IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
## IN AND FOR SUWANNEE COUNTY, FLORIDA

**HATTIE IRVING**

     **Plaintiff,**

**v.**                                   **CASE NO.: 21-CA-000133**

**SAM ST. JOHN, in his Official Capacity**
**as SHERIFF OF SUWANNEE COUNTY;**
**FAMILY DOLLAR STORES OF FLORIDA, LLC**
**MICHAEL LANDIS, in his individual**
**Capacity; and JENNIFER TURNER,**
**in her individual capacity,**

     **Defendants.**

_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HATTIE IRVING hereby sues SAM ST. JOHN, in his Official Capacity as Sheriff of Suwannee County; FAMILY DOLLAR STORES OF FLORIDA, LLC; MICHAEL LANDIS; and JENNIFER TURNER, individually.

### THE PARTIES

1.    At all times relevant, Plaintiff, HATTIE IRVING ("Plaintiff Irving"), was a citizen and resident of the State of Florida. Plaintiff HATTIE IRVING is *sui juris*.

2.    At all times relevant, Defendant SAM ST. JOHN was SHERIFF of SUWANNEE COUNTY, FLORIDA, acting under color of state law and acting within the scope of his employment with the Suwannee County Sheriff's Department. Defendant SAM ST. JOHN is sued in his official capacity. Defendant SAM ST. JOHN is *sui juris*.

1

**EXHIBIT "A"**

3.    At all times relevant, Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC ("Family Dollar") was organized and existing under the laws of the State of Florida.

4.    At all times relevant, Defendant MICHAEL LANDIS ("Defendant Officer Landis") was a duly sworn police officer with the Suwannee County Sheriff's Department, acting under color of state law, and acting within the scope of his employment with the Suwannee County Sheriff's Department.    Defendant MICHAEL LANDIS is sued in his individual capacity, was employed by Defendant SAM ST. JOHN, and is *sui juris*.

5.    At all times relevant, Defendant JENNIFER TURNER was employed with and acting in the course and scope of her employment with Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC.    Defendant JENNIFER TURNER is sued in her individual capacity.    Defendant JENNIFER TURNER is *sui juris*.

## JURISDICTION AND VENUE

6.    This action alleges Florida common law claims as well as claims arising under the Civil Rights Act of 1871, 42 U.S.C. §1983, in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution.    This is also an action for damages in excess of $30,000, exclusive of attorney's fees and costs.

7.    Venue is proper in this Court as all claims arise from conduct occurring in Suwannee County, Florida.

2

## CONDITIONS PRECEDENT

8.    All conditions precedent to filing this action have been complied with and met.  Pursuant to §768.28, Fla. Stat., the required notice of intent to initiate litigation was submitted to Defendant Sheriff Sam St. John, Suwannee County Board of County Commissioners, and the Chief Financial Officer on August 15, 2019. The notices are attached as **Exhibit 1**.  No responses have been made to the notices.

## STATEMENT OF ULTIMATE FACTS

9.    On March 24, 2018, Jennifer Turner, a store clerk at the Family Dollar Store located at 102 U.S-27 SW in Branford, Florida, called 911 and reported to dispatcher R. Black that a black female and a white male entered the store.

10.    Ms. Turner alleged video surveillance footage reflected a female entering the store carrying a "clear" plastic bag containing a water bottle.  The female allegedly walked down the electronics aisle, placed a home telephone and a pair of earbuds in the clear plastic bag, and returned the items in exchange for $27.82.

11.    Ms. Turner claimed that she followed the female and went outside and wrote down the tag number and a description of Plaintiff Irving's vehicle, which she identified as a black Ford Ranger.  Ms. Turner then provided the 911 operator with tag number "IAEZ28." The operator questioned Mr. Turner, asking "Z" as in "Zulu?"  Ms. Turner responded in the affirmative stating, "Yes 'Z' as in Zulu."

3

12. The operator initially ran the plate for IAEZ28, which identified a BMW SUV, rather than the vehicle Ms. Turner described.

13. The call by Ms. Turner was then investigated by Officer Michael Landis.

14. Officer Landis identified a vehicle similar to the reported vehicle, a black Mazda truck with the license plate IAEC28, that belonged to the Plaintiff, Hattie Irving.

15. Hattie Irving had not committed any crime at the store.

16. Officer Michael Landis claims that he then arrived on the scene, showed Jennifer Turner Plaintiff Irving's photograph, and that Jennifer Turner claimed that Plaintiff Irving was the person who visited the store and the person she viewed in the video surveillance footage. On information and belief, Jennifer Turner did not, in fact, positively identify Plaintiff Hattie Irving.

17. Jennifer Turner also claimed she showed Officer Landis the surveillance video and believes he retrieved a copy of the video.

18. No video surveillance was ever produced by the store, Jennifer Turner, or Officer Landis. Officer Landis never requested to view the video to determine whether a crime had actually occurred. Instead, Officer Michael Landis' report noted, "Video surveillance [will be] obtained at a later date."

19. Jennifer Turner later claimed that this video surveillance footage mysteriously disappeared.

4

20.    Officer Landis also claimed that Jennifer Turner told him that the license number for the vehicle was IAEC28, but Jennifer Turner's notes taken at the time specifically identify the license plate as IAEZ28.  Jennifer Turner never identified the license plate as IAEC28.

21.    During the criminal investigation, Jennifer Turner also provided a receipt of the alleged returned items, which included a signature and telephone number that did not match those of Plaintiff Irving.  Jennifer Turner wrote on the back of the receipt:

> "Black Truck ZEI
> Ford Ranger
> 95 Model
> Blk Female
> IAEZ28"

22.    Officer Landis arrested Hattie Irving, and charged her with "Scheme to Defraud < $20,000".  Hattie Irving spent a week in jail as a result of the charges.

23.    During the criminal investigation, the Public Defender's Office also conducted additional discovery and specifically requested, "Video surveillance footage from Family Dollar Store, as mentioned in the incident report."  The video has never been produced.

24.    On January 16, 2019, after reviewing the charges and evidence, and after questioning Defendant Officer Landis and Defendant Jennifer Turner, the State Attorney's Office declined to prosecute the case, dropping all charges against Plaintiff Irving, but not until after she spent seven (7) days in jail for a crime she did not commit.

25. As a direct and/or proximate result of Defendants Suwannee County BOCC's 911 dispatcher, Suwannee County Sheriff's Office, Officer Michael Landis, and Jennifer Turner's negligent and intentional misconduct, Plaintiff Irving has sustained damages. Plaintiff Irving's injuries are continuing and will not abate in the future.

**COUNT I**
**42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATION –**
**UNREASONABLE SEIZURE (AGAINST DEFENDANT OFFICER**
**MICHAEL LANDIS IN HIS INDIVIDUAL CAPACITY)**

26. Paragraphs 9-25 are re-alleged and incorporated herein by reference.

27. This count sets forth a claim against Defendant Officer Landis for an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution, which is enforceable through 42 U.S.C. § 1983.

28. Defendant Officer Landis lacked reasonable articulable suspicion to seize Plaintiff Irving and had no reasonable suspicion supported by articulable facts that criminal activity may be afoot.

29. The acts of Defendant Officer Landis violated Plaintiff Irving's right to be free from an unreasonable seizure under the Fourth Amendment of the Constitution, enforceable through 42 U.S.C. § 1983.

30. The conduct of Defendant Officer Landis violated clearly established constitutional rights of which a reasonable officer would have known.

31. As a direct and proximate cause of the foregoing violations, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, indignity,

loss of civil rights, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as attorney's fees, compensatory and punitive damages, and costs.

**COUNT II**
**42 U.S.C. § 1983 – FOURTH AMENDMENT VIOLATION – FALSE ARREST/ IMPRISONMENT (BROUGHT AGAINST DEFENDANT OFFICER LANDIS IN HIS INDIVIDUAL CAPACITY)**

32.    Paragraphs 9-25 are re-alleged and incorporated herein by reference.

33.    This count sets forth a claim against Defendant Officer Landis for false arrest in violation of the Fourth Amendment to the United States Constitution, which is enforceable through 42 U.S.C. § 1983.

34.    Defendant Officer Landis lacked probable cause to arrest Plaintiff Irving and had no arguable probable cause and/or information that a crime had been committed or was about to be committed.

35.    Under the Fourth Amendment of the Constitution, enforceable through 42 U.S.C. § 1983, the acts of Defendant Officer Landis violated Plaintiff Irving's right to be free from arrest not supported by probable cause.

36.    The conduct of Defendant Officer Landis violated clearly established constitutional rights of which a reasonable officer would have known.

37.    As a direct and proximate cause of the foregoing violations, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, indignity, loss of civil rights, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the

foregoing as well as attorney's fees, compensatory and punitive damages, and costs.

### COUNT III
### 42 U.S.C. § 1983-FOURTH AMENDMENT VIOLATION-MALICIOUS PROSECUTION (AGAINST DEFENDANT OFFICER MICHAEL LANDIS IN HIS INDIVIDUAL CAPACITY)

38. Paragraphs 9-25 are re-alleged and incorporated herein by reference.

39. This count sets forth a claim against Defendant Officer Michael Landis for malicious prosecution under the Fourth Amendment to the United States Constitution enforceable through 42 U.S.C. §1983. This count is pled in the alternative.

40. Defendant Officer Landis, while acting under color of law, caused Plaintiff Irving to be arrested and charged with a crime she did not commit.

41. Defendant Officer Landis caused Plaintiff Irving to be charged for a criminal offense without probable cause and with malice.

42. The charges were dropped, and the case terminated in favor of Plaintiff Irving.

43. As a direct and proximate cause of the foregoing violations, Plaintiff Owen suffered actual and consequential damages, deprivation of liberty, indignity, loss of civil rights, mental and physical pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all

8

of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

## COUNT IV
## FALSE ARREST – CHAPTER 768
## BROUGHT AGAINST DEFENDANT SHERIFF SAM ST. JOHN
## IN HIS OFFICIAL CAPACITY)

44.    Paragraphs 9-25 are re-alleged and incorporated herein by reference.

45.    This count sets forth a claim against Defendant Sheriff Sam St. John, in his official capacity for common law false arrest, arising under Chapter 768, Florida Statutes.

46.    Defendant Officer Michael Landis caused Plaintiff Irving to be arrested without an investigation as to whether a crime occurred, without reasonable suspicion or probable cause.

47.    The acts of Defendant Officer Michael Landis were taken within the scope of his employment and under the supervision of Defendant Sheriff Sam St. John with the Suwannee County Sheriff's Office.

48.    The unlawful acts of Defendant Officer Michael Landis were the proximate cause of Plaintiff Irving's harm.

49.    As a direct and proximate cause of the foregoing violations, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, loss of civil rights, mental pain and suffering, emotional distress and anguish,

9

embarrassment, and humiliation, and is entitled to compensation for all of the foregoing.

## COUNT V
## NEGLIGENCE – CHAPTER 768, FLORIDA STATUTES
## (BROUGHT AGAINST DEFENDANT SHERIFF SAM ST. JOHN)
## IN HIS OFFICIAL CAPACITY

50.    Paragraphs 9-25 are re-alleged and incorporated herein by reference.

51.    This count sets forth a claim against Defendant Sheriff Sam St. John, for common law negligence arising under Chapter 768, Florida Statutes.

52.    A special statutory duty of care devolved upon Defendant Sheriff Sam St. John to know or should have known that Plaintiff Irving was in a zone of risk if Defendant Officer Michael Landis acted negligently and failed to sufficiently investigate this matter; thereby creating or permitting persons to be wrongfully accused and taken into custody.

53.    Alternatively, legal duties devolved upon Defendant Sheriff Sam St. John because Plaintiff Irving was in the foreseeable zone of risk to be harmed by the actions of its agents and/or employees, specifically, Defendant Officer Michael Landis.

54.    Defendant Sheriff Sam St. John owed a special duty of care to Plaintiff Irving due to the nature of the relationship between Plaintiff Irving and Defendant Sheriff Sam St. John and/or Suwannee County Sheriff's Office had a special

10

relationship with Plaintiff Irving and consequently, a duty of care devolved from this relationship.

55.    Defendant Sheriff Sam St. John breached this duty of care when Defendant Officer Michael Landis failed to exercise reasonable care and placed Plaintiff Irving in the zone of risk by ignoring evidence that would lead any competent officer to request to review video surveillance evidence recently reviewed by the store employee and to investigate whether a crime was actually committed by Plaintiff Irving.

56.    The actions of Defendant Sheriff Sam St. John, through its agent/employee Defendant Officer Michael Landis, alleged herein were not discretionary, but were operational functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

57.    Defendant Sheriff Sam St. John's actions, through its agent Defendant Officer Michael Landis, knew or should have known that failures to investigate inconsistencies would place Plaintiff Irving in danger.

58.    As a direct and proximate cause of Defendant Sheriff Sam St. John's acts and omissions, through his agent/employee Defendant Officer Michael Landis, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, loss of civil rights, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing.

## COUNT VI
## NEGLIGENCE – CHAPTER 768, FLORIDA STATUTES
## (BROUGHT AGAINST DEFENDANT FAMILY DOLLAR STORES OF
## FLORIDA, LLC.)

59.    Paragraphs 9-25 are re-alleged and incorporated herein by reference.

60.    This count sets forth a claim against Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC, for common law negligence arising under Chapter 768, Florida Statutes.

61.    A special statutory duty of care devolved upon Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC to know or should have known that Plaintiff Irving was in a zone of risk if its employee Jennifer Turner acted negligently in providing incorrect information to police and failing to provide video surveillance footage of an alleged crime; thereby creating or permitting persons to be wrongfully arrested and taken into custody.

62.    Alternatively, legal duties devolved upon Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC, because Plaintiff Irving was in the foreseeable zone of risk to be harmed by the actions of its agents and/or employees, specifically, Jennifer Turner if a crime had not been committed on the premises.

63.    Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC owed a special duty of care to Plaintiff Irving due to the nature of the relationship between Plaintiff Irving and Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC and/or Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC had a special

relationship with Plaintiff Irving and consequently, a duty of care devolved from this relationship.

64.    Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC breached this duty of care when Jennifer Turner failed to exercise reasonable care and placed Plaintiff Irving in the zone of risk as she purportedly documented a license plate number, corroborated with police by ignoring evidence to exonerate Plaintiff Irving, and failed to provide video surveillance footage allegedly viewed to verify Plaintiff Irving shoplifted.

65.    As a direct and proximate cause of Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC's acts and omissions, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, loss of civil rights, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing.

## COUNT VII
## COMMON LAW MALICIOUS PROSECUTION
## (BROUGHT AGAINST MICHAEL LANDIS,
## IN HIS INDIVIDUAL CAPACITY)

66.    Paragraphs 9-25 are re-alleged and incorporated herein by reference.

67.    This count sets forth a common law state claim against Defendant Officer Michael Landis for malicious prosecution.  This claim is pled in the alternative.

68.    Defendant Officer Michael Landis failed to investigate whether a crime had been committed by Plaintiff Irving, which caused Plaintiff Irving's arrest

for retail shoplifting and dealing in stolen property and charge of a felony of "Scheme to Defraud<$20,000.

69.    Defendant Officer Michael Landis caused the State Attorney's Office to commence a criminal proceeding against Plaintiff Irving.

70.    Defendant Officer Michael Landis was the legal cause of the original criminal case against Plaintiff Irving, who was the Defendant in the original criminal proceeding.

71.    The criminal case resulted in bona fide termination of all criminal charges with a Nolle Prosequi filed by the State Attorney's Office.

72.    There was an absence of probable cause to have arrested Plaintiff Irving after Defendant Officer Michael Landis failed to investigate or view the video surveillance evidence to determine if a crime had just occurred.

73.    Defendant Officer Michael Landis' conduct constituted bad faith and was done with a malicious purpose.

74.    As a direct and proximate cause of the foregoing, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, indignity, loss of civil rights, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

### COUNT VIII
### COMMON LAW MALICIOUS PROSECUTION
### (BROUGHT AGAINST JENNIFER TURNER, IN HER INDIVIDUAL CAPACITY)

75.    Paragraphs 9-25 are re-alleged and incorporated herein by reference.

14

76. This count sets forth a common law state claim against Defendant Jennifer Turner for malicious prosecution under the common law of Florida.

77. Defendant Jennifer Turner documented a license plate number but provided Defendant Officer Michael Landis with a different license plate number to intentionally and maliciously accuse Plaintiff Irving of committing, causing Plaintiff Irving's arrest for retail shoplifting and dealing in stolen property and charged with a felony of "Scheme to Defraud<$20,000.

78. Defendant Jennifer Turner caused the State Attorney's Office to commence a criminal proceeding against Plaintiff Irving.

79. Defendant Jennifer Turner was the legal cause of the original criminal case against Plaintiff Irving, who was the Defendant in the original criminal proceeding.

80. The criminal case resulted in bona fide termination of all criminal charges with a Nolle Prosequi filed by the State Attorney's Office.

81. There was an absence of probable cause to have arrested Plaintiff Irving after Defendant Jennifer Turner provided false information to police and failed to provide video surveillance evidence she reviewed as evidence that Plaintiff Irving committed a crime and/or destroyed such evidence.

82. Defendant Jennifer Turner's conduct constituted bad faith and was done with a malicious purpose.

83. As a direct and proximate cause of the foregoing, Plaintiff Irving suffered actual and consequential damages, deprivation of liberty, indignity, loss

of civil rights, mental pain and suffering, emotional distress and anguish, embarrassment, and humiliation, and is entitled to compensation for all of the foregoing as well as his reasonable attorney's fees, punitive damages, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a)  that this court enter judgment against Defendants and for Plaintiffs awarding all legally available general, compensatory, and punitive damages, including damages for economic loss for violations of law enumerated herein, and where allowed by law;

b)  that this court enter judgment against Defendants and for Plaintiffs awarding Plaintiffs costs, attorney's fees, and interest, where allowed by law;

c)  that this court grant such other and further relief as is just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

RESPECTFULLY submitted this 1st day of September 2021.

/s/ Farnita Saunders Hill
FARNITA SAUNDERS HILL
Florida Bar No. 1012158
Morgan & Morgan, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY  40507
Telephone: (850) 201-2453
Facsimile: (850) 201-1273
Email: farnitahill@forthepeople.com
Secondary Email: cryan@forthepeople.com

Counsel for Plaintiff

17

# EXHIBIT 1

Filing # 133564377 E-Filed 08/27/2021 01:31:17 PM

B"H



# R O D A L   L A W   P. A.

August 15, 2019

**VIA CERTIFIED MAIL-RETURN RECIPT REQUESTED**

Suwannee County Administrator Randy Harris
13150 80th Terrace
Live Oak, FL 32060

**Notice by email to:**

County Administrator Randy Harris
randyh@suwgov.org

County Attorney Jimmy Prevatt
jimmyp@suwgov.org

County Commissioner Don Hale
Commissioner1@suwgov.org

County Commissioner Clyde Fleming
Commissioner2@suwgov.org

County Commissioner Ricky Gamble
Commissioner3@suwgov.org

County Commissioner Len Stapleton
Commissioner4@suwgov.org

County Commissioner Ronald Richardson
Commissioner5@suwgov.org

Sheriff Sam St. John
Sam.stjohn@suwanneesheriff.com

Florida Department of Financial Services
Jimmy Patronis, Chief Financial Officer
CFO.Patronis@MyFloridaCFO.com

     **RE:** **Notice of Claim pursuant to Florida Statute § 768.28(6)(a)**

1 | P a g e

**Claimant: Hattie Jones Irving    DOB:                    SSN:**
**Date of Incident:  March 24, 2018  Place of birth:  Gainesville, FL**

Dear Sir/Madam:

Pursuant to Florida Statute § 768.28(6)(a), we are providing you with written notice of the above-mentioned client's intention to pursue claims against Suwannee County and the Suwannee County Sheriff's Office for tortious conduct engaged in by the Suwannee County Sheriff's Office ("SSO").

On June 16, 2018, Hattie Irving was arrested by the Suwannee County Sheriff's Office for a crime she allegedly committed on March 24, 2018, at a Family Dollar store in Branford, Florida. Ms. Irving was arrested on the basis that her vehicle matched the vehicle driven by the perpetrator that day. The charges were eventually dropped by the State Attorney's office, but not before Ms. Irving spent over a week in jail for a crime she did not commit. The mystery of how Ms. Irving became entangled in this did not get solved until my office received a transcript of the 911 call, where the store clerk informed the Suwannee County Sheriff's Office 911 operator that she had the vehicle tag number and vehicle description written down.

During the 911 call regarding the shoplifting, the store clerk provided Corporal Landis with a license plate number. The store clerk, Jennifer Turner told the operator that the tag was IAEZ28. As she said the letter "z," Jennifer added "z as in zebra". The operator responded, "z as in Zulu?" to which Jennifer responded in the affirmative. Inexplicably, the operator ran the tag as IAEC28 with a 'c' instead of a 'z'. Moreover, when the operator said the tag was coming back as a Mazda, Jennifer said no, it wasn't a Mazda as she was looking at the vehicle on her screen. Due to the negligence of the 911 operator, the police reports all carry IAEC28, and a warrant was issued for Ms. Irving's arrest.

Ms. Irving was arrested and imprisoned because the Suwannee County Sheriff's Office neglected to conduct even the most basic of investigations to ensure the actual shoplifter was being investigated. SSO, through its officers and employees, violated Ms. Irving's 4th and 14th Amendment rights which are enforceable under 42 U.S.C. § 1983. The Suwannee County Sheriff's Office has also committed non-federal causes of action including, but not limited to: negligence, gross negligence, recklessness, battery, and false imprisonment.

*Hattie Jones Irving v. Suwannee County, et. al.* is the anticipated style of the forthcoming case. It is anticipated that this action will be brought in the U.S. District Court for the Middle District of Florida, and that the action will be a claim for negligence, gross negligence,

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 • Ft. Lauderdale, Florida 33309 • Telephone (954) 367-5308 • Facsimile (954) 900-1208
www.Rodallaw.com

recklessness, battery, and false imprisonment. Ms. Irving will seek to recover compensatory damages against the County, and compensatory and punitive damages against the officer(s) to be named as defendant(s) in the action. Hattie does not currently owe any adjudicated unpaid claims.

We are proceeding under Florida Statute § 768.28(6)(d), and, if we do not receive a final disposition of this claim within six (6) months after receipt of this notice, we will consider it a denial of the claim for the purposes of bringing an action in federal court.

**If you, your attorneys, or your liability carrier contend, or intend to raise any defense in this case that this Notice is defective in any manner or form, I respectfully request the you inform me specifically as to the nature if the defect so that I may cure same.**

Respectfully submitted,

Yechezkel Rodal, Esq.
chezky@Rodallaw.com

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com