**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HATTIE IRVING,

      Plaintiff,

vs.

Case No. 3:21-cv-1002-MMH-MCR

SAM ST. JOHN, in his official
capacity as Sheriff of Suwannee
County, et al.,

      Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff's Response and Memorandum in Opposition to Defendant Sam St. John's Motion to Dismiss Count IV (Doc. 24; Response to Defendant St. John), filed on November 24, 2021, and Plaintiff's Response and Memorandum in Opposition to Defendants Family Dollar Stores, LLC and Jennifer Turner's Motion to Dismiss Counts V and VII of Plaintiff's Second Amended Complaint (Doc. 25; Response to Defendants Family Dollar and Turner), filed on November 26, 2021 (collectively, "the Responses"). In the Responses, Plaintiff, in addition to asserting that Defendants' motions to dismiss are due to be denied, alternatively requests leave to amend her Second Amended Complaint and Demand for Jury Trial (Doc. 12) in the event the Court finds that her allegations are inadequate. See

Response to Defendant St. John at 12; Response to Defendants Family Dollar and Turner at 13. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rules 3.01(a) and 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor

Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same).  Thus, the Court will not entertain Plaintiff's request for relief included in the Responses.  Plaintiff is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, it is

**ORDERED**:

To the extent that she requests relief from the Court, Plaintiff's Response and Memorandum in Opposition to Defendant Sam St. John's Motion to Dismiss Count IV (Doc. 24) and Plaintiff's Response and Memorandum in Opposition to Defendants Family Dollar Stores, LLC and Jennifer Turner's Motion to Dismiss Counts V and VII of Plaintiff's Second Amended Complaint (Doc. 25) are **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of November, 2021.

*[Signature: Marcia Morales Howard]*
MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record